IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO.: 2:25cr369 |
| | ) | |
| | ) | 18 U.S.C. § 371 |
| | ) | 18 U.S.C. § 666 |
| vs. | ) | 18 U.S.C. § 1343 |
| | ) | 18 U.S.C. § 1346 |
| | ) | 18 U.S.C. § 1956 |
| | ) | 18 U.S.C. § 981(a)(1)(C) |
| ROSE EMILY LORENZO | ) | 18 U.S.C. § 982(a)(1) |
| MICHELLE STENT-HILTON | ) | 18 U.S.C. § 982(a)(2)(A) |
| | ) | 28 U.S.C. § 2461(c) |
| RECEIVED | ) | |
| FEB 25 2025 | ) | INDICTMENT |
| | ) | (UNDER SEAL) |
| FLORENCE, S.C. | ) | |

1.	**ROSE EMILY LORENZO** is a North Carolina resident who operates a non-profit as well as a business services firm doing business as Lorenzo Financial Services LLC ("Lorenzo Financial"). Lorenzo Financial was incorporated under the laws of the State of North Carolina in January 2022. Through Lorenzo Financial, **ROSE EMILY LORENZO** provides bookkeeping, tax preparation, and business advisory services to clients.

2.	**MICHELLE STENT-HILTON** is a resident of North Charleston, South Carolina. **MICHELLE STENT-HILTON** is Jerome Sydney Heyward's personal assistant. **MICHELLE STENT-HILTON** also serves as the registered agent for Developing, Educating and Empowering People SC Inc. ("DEEP SC"), which is a non-profit corporation that was formed under South Carolina law in January 2021.

3.	Jerome Sydney Heyward ("Heyward"), charged elsewhere, is a resident of North Charleston, South Carolina. In November 2019, Heyward was elected to the North Charleston City Council, representing District Five. At all times relevant to this Indictment, Heyward served as a

1

member of the North Charleston City Council. In addition to serving as a North Charleston City Councilman, Heyward worked as a "consultant" and owned a consulting business, "Heyward Consulting." Heyward manages and controls a bank account for Heyward Consulting titled J S Heyward Consulting LLC.

4.  Donavan Laval Moten ("Moten"), charged elsewhere, is a resident of North Charleston, South Carolina. Core4Success Foundation is a non-profit organization that was formed under South Carolina law in August 2018. Moten is the founder and registered agent of Core4Success.

5.  The City of North Charleston is a municipality in South Carolina. From 2019 to 2024, North Charleston received over $10,000 in federal funds each fiscal year.

6.  The North Charleston City Council is the elected body clothed with the power and authority to make rules and pass ordinances in North Charleston. The North Charleston City Council is comprised of an at-large mayor and ten council members elected from single-member districts every four years. North Charleston City Council has the power and duty to:

    a. exercise the corporate powers of the City of North Charleston;
    b. consider and enact legislation;
    c. set official city policy;
    d. hold public hearings on matters concerning zoning and grant funds;
    e. approve franchises, enact business license fees, and levy taxes;
    f. adopt an annual budget;
    g. and approve or disapprove requests for zoning.

The North Charleston City Council meets the first and third Thursday of every month.

7.  The Public Safety Committee is a committee of the North Charleston City Council comprised of all members of City Council. The Public Safety Committee meets the third Thursday of every month during regularly scheduled City Council meetings.

8.  As a member of the North Charleston City Council, Heyward is a public official subject to the provisions of South Carolina's Ethics Reform Act. *See* S.C. Code §§ 8-13-100 *et seq.*

9.  In April 2022, the City of North Charleston began discussing whether to distribute funds to non-profits in an effort to reduce violent crime ("violence reduction grants"). The City assembled a group to solicit applications from non-profit organizations and then decide which groups would ultimately receive funds.

10. With support and encouragement from Heyward, DEEP SC and Core4Success applied for violence reduction grant funds from the City of North Charleston. In exchange for his support of DEEP SC's and Core4Success' applications, **MICHELLE STENT-HILTON** and Moten agreed to pay Heyward twenty percent of any monies their non-profits received from the City of North Charleston as a kickback. **ROSE EMILY LORENZO** agreed to allow **MICHELLE STENT-HILTON**, Moten, and Heyward to launder the money through Lorenzo Financial's business checking account to conceal the source and destination of the funds.

## COUNT 1
**Conspiracy to Commit Bribery with Respect to Programs Receiving Federal Funds and Honest Services Wire Fraud, Title 18 U.S.C. Section 371**

11. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 10 of this Indictment as if fully set forth herein:

12. Beginning in April 2022, and continuing until in or about July 2024, in the District of South Carolina and elsewhere, the Defendants **ROSE EMILY LORENZO** and **MICHELLE STENT-HILTON**, and others, both known and unknown to the Grand Jury, did knowingly and willfully conspire and agree together and with each other, to commit the following offenses against the United States:

a. **Bribery and Kickbacks Concerning Programs Receiving Federal Funds**: that is, for the Defendant **MICHELLE STENT-HILTON**, together with and aided and abetted by **ROSE EMILY LORENZO** and others known and unknown to the Grand Jury, to corruptly give, offer, and agree to give anything of value to Heyward, charged elsewhere, who was an agent of the City of North Charleston, a City which during the relevant one-year period received federal benefits in excess of $10,000, intending to influence and reward Heyward in connection with business, a transaction, and a series of transactions of the City of North Charleston involving anything of value of $5,000 or more; that is, the awarding of violence reduction grants by the City of North Charleston to DEEP SC, in violation of Title 18, United States Code, Sections 666(a)(2), (b) and 2; and

b. **Honest Services Wire Fraud**: that is, for the Defendants **MICHELLE STENT-HILTON** and **ROSE EMILY LORENZO**, Moten, Heyward, and others known and unknown to the Grand Jury, to devise and intend to devise a scheme and artifice to defraud and deprive the citizens of North Charleston and the government of the City of North Charleston of their right to honest and faithful services of Jerome Sydney Heyward, a North Charleston City Councilmember, through bribery and kickbacks, in violation of Title 18, United States Code, Sections 1343 and 1346.

Purposes of the Conspiracy

13. It was a purpose of the conspiracy for **MICHELLE STENT-HILTON, ROSE EMILY LORENZO**, Moten, and Heyward to enrich themselves, DEEP SC, Core4Success, and their businesses by exploiting Heyward's official position as a North Charleston City Councilmember.

4

14. It was a further purpose of the conspiracy for Heyward to obtain bribes and kickbacks from **MICHELLE STENT-HILTON** and **ROSE EMILY LORENZO** in exchange for his influence on North Charleston City Council and support of DEEP SC's applications to receive funds from the violence reduction grants.

15. It was a further purpose of the conspiracy for Heyward to obtain bribes and kickbacks from **ROSE EMILY LORENZO** and Moten in exchange for his influence on North Charleston City Council and support of Core4Success' application to receive funds from the violence reduction grants.

16. It was a further purpose of the conspiracy for **MICHELLE STENT-HILTON**, **ROSE EMILY LORENZO**, Moten, and Heyward to conceal their corrupt scheme from other North Charleston City Councilmembers and the citizens of North Charleston.

<u>Manner and Means of the Conspiracy</u>

17. The manner and means of the conspiracy included, but were not limited to, the following:

18. Beginning in or around April 2022, Heyward agreed with **MICHELLE STENT-HILTON** and Moten to use his official position as a North Charleston City Councilmember to support the awarding of violence reduction grants to the DEEP SC non-profit organization and to Core4Success by the City of North Charleston, influence other City Councilmembers to support the awarding of violence reduction grants, and vote to approve the proposed ordinance authorizing the City of North Charleston to distribute funds to non-profits, including DEEP SC and Core4Success. In exchange, **MICHELLE STENT-HILTON** and Moten agreed to kick back a portion of the grant monies received from the City of North Charleston to Heyward.

19. In the Spring 2022, DEEP SC and Core4Success applied for violence reduction grant funds that the City of North Charleston intended to award to non-profits.

20. On November 15, 2022, the City of North Charleston's Finance Committee convened to consider nine items on its agenda, including a recommendation to award money to non-profits as part of its initiative to reduce gun violence in the community. Heyward is a member of the Finance Committee and participated in the consideration of the proposal. Heyward voted in favor of recommending to Council that the City award funds to non-profits, including DEEP SC and Core4Success. Heyward did not disclose his corrupt agreements with **MICHELLE STENT-HILTON** and Moten when the matter was presented to the Finance Committee and put to a vote.

21. On December 8, 2022, City Council convened a meeting to consider an agenda that included a proposed ordinance authorizing the City of North Charleston to award violence reduction grants. Heyward was present at the meeting and—without disclosing his personal financial interest or the corrupt agreement with **MICHELLE STENT-HILTON** and Moten—voted in favor of awarding grants to the non-profits, including DEEP SC and Core4Success.

22. On December 15, 2022, the City of North Charleston issued checks for $100,000 each to DEEP SC and Core4Success. Heyward directed **MICHELLE STENT-HILTON** to remit his kickback through **ROSE EMILY LORENZO** for the purpose of concealing the payment. Likewise, Heyward directed Moten to remit his kickback through **ROSE EMILY LORENZO** for the purpose of concealing the payment.

23. On December 22, 2022, DEEP SC, through **MICHELLE STENT-HILTON**, obtained a cashier's check for $20,000 made payable to Lorenzo Financial. That same day, the check was deposited into Lorenzo Financial's business checking account.

24. On December 23, 2022, Core4Success, through Moten, obtained a cashier's check for $20,000 made payable to Lorenzo Financial. That same day, the check was deposited into Lorenzo Financial's business checking account.

25. On December 27, 2022, Lorenzo Financial wired $40,000 to Heyward's checking account. The $40,000 kickback represented the sum of the monies Lorenzo Financial received from DEEP SC and Core4Success. Thus, $20,000 of the money was **MICHELLE STENT-HILTON's** contribution through DEEP SC. The remaining $20,000 represented Moten's contribution through Core4Success.

26. In addition to the $40,000 **ROSE EMILY LORENZO** wired to Heyward, **ROSE EMILY LORENZO** received at least $10,800 from DEEP SC and at least $7,200 from Core4Success.

Overt Acts in Furtherance of the Conspiracy

27. In furtherance of the conspiracy, and to achieve its purposes, **MICHELLE STENT-HILTON, ROSE EMILY LORENZO**, Moten, Heyward, and others known and unknown to the Grand Jury, committed the following overt acts, among others, in the District of South Carolina and elsewhere:

   a. In the Spring 2022, DEEP SC and Core4Success applied for a violence-reduction grant that the City of North Charleston intended to award to non-profits.

   b. On November 18, 2022, the City of North Charleston's Finance Committee, of which Heyward is a member, convened a meeting to consider, among other items, a recommendation to award violence reduction grants to non-profits. Heyward voted in favor of recommending that the City of North Charleston award such grants.

c. On December 15, 2022, the City of North Charleston City Council convened a meeting to consider a variety of proposals, including an ordinance authorizing the city to disperse $1,200,000 in violence reduction grants to non-profits, including DEEP SC and Core4Success. Heyward was present at the meeting and voted in favor of the ordinance.

d. On December 19, 2022, **MICHELLE STENT-HILTON** deposited a $100,000 check from the City of North Charleston into DEEP SC's checking account, and then on December 22, 2022, purchased a cashier's check for $20,000 made payable to Lorenzo Financial.

e. On December 19, 2022, Moten deposited a $100,000 check from the City of North Charleston into Core4Success' checking account, and on December 23, 2022, purchased a cashier's check for $20,000 made payable to Lorenzo Financial.

f. On December 27, 2022, **ROSE EMILY LORENZO** wired $40,000 from a checking account belonging to Lorenzo Financial to a checking account belonging to Heyward. The $40,000 wire from Lorenzo Financial included $20,000 from **MICHELLE STENT-HILTON** and $20,000 from Moten;

All in violation of Title 18, United States Code, Section 371.

## COUNT 2
**Theft with Respect to Programs Receiving Federal Funds,
Title 18 U.S.C. Sections 666(a)(1)(A) and (b) and 2**

28.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

29.     Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, **MICHELLE STENT-HILTON** and **ROSE**

**EMILY LORENZO**, aided and abetted by each other and by Jerome Sydney Heyward, being an agent and representative of the City of North Charleston, a local government agency that received benefits in excess of $10,000 under a Federal program involving a grant, contract, subsidy, and other forms of Federal assistance in a one year period, and others known and unknown to the Grand Jury, embezzled, stole, obtained by fraud, without authority knowingly converted to the use of any person other than the rightful owner, and intentionally misapplied property worth $5,000 or more and owned by, under the care of, under the custody of, and under the control of the City of North Charleston, that is: **MICHELLE STENT-HILTON** and **ROSE EMILY LORENZO** fraudulently obtained money from the City of North Charleston by concealing an agreement with Heyward to kick back twenty percent of the funds in exchange for Heyward's official action inducing payments from the City of North Charleston to DEEP SC;

All in violation of Title 18, United States Code, Section 666(a)(1)(A) and 2.

### COUNT 3
**Bribery with Respect to Programs Receiving Federal Funds**
**Title 18, United States Code, Sections 666(a)(2) and (b) and 2**

30.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

31.     Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendants **MICHELLE STENT-HILTON** and **ROSE EMILY LORENZO** aided and abetted by each other and others known and unknown to the Grand Jury, did corruptly give, offer, and agree to give things of value to Jerome Sydney Heyward, an agent of the City of North Charleston, a City which during the relevant one-year period received federal benefits in excess of $10,000, intending to influence and reward Jerome Sydney Heyward in connection with a business, transaction, and a series of transactions involving

$5,000 or more, that is, the awarding of $100,000 to DEEP SC from the violence reduction grant funds;

All in violation of Title 18, United States Code, Section 666(a)(1)(B), (b) and 2.

## COUNT 4
### Bribery with Respect to Programs Receiving Federal Funds
### Title 18, United States Code, Sections 666(a)(2) and (b) and 2

32.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

33.     Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendant **ROSE EMILY LORENZO,** aided and abetted by Donovan Laval Moten, charged elsewhere, and others known and unknown to the Grand Jury, did corruptly give, offer, and agree to give things of value to Jerome Sydney Heyward, an agent of the City of North Charleston, a City which during the relevant one-year period received federal benefits in excess of $10,000, intending to influence and reward Jerome Sydney Heyward in connection with a business, transaction, and a series of transactions involving $5,000 or more, that is, the awarding of $100,000 to Core4Success from the violence reduction grant funds;

All in violation of Title 18, United States Code, Section 666(a)(1)(B), (b) and 2.

## COUNT 5
### Honest Services Wire Fraud
### Title 18, United States Code, Sections 1343, 1346, and 2

34.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

35.     Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendants **ROSE EMILY LORENZO** and **MICHELLE STENT-HILTON,** and others known and unknown to the Grand Jury, knowingly

devised and intended to devise a scheme and artifice to defraud and deprive the citizens and the government of North Charleston, South Carolina of their intangible right to the honest and faithful services of the North Charleston City Council through bribery and kickbacks.

36. On or about December 22, 2022, in the District of South Carolina and elsewhere, the Defendants, **ROSE EMILY LORENZO** and **MICHELLE STENT-HILTON**, aided and abetted by each other and others both known and unknown to the Grand Jury, having devised the above-described scheme and artifice to defraud and deprive by means of material false and fraudulent pretenses, representations, and promises, and by the omission of material information, and for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, that is: a $20,000 cashier's check from DEEP SC account ending in 6777 to Lorenzo Financial Services LLC account ending in 2169;

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT 6
**Honest Services Wire Fraud**
**Title 18, United States Code, Sections 1343, 1346, and 2**

37. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

38. Beginning in or around April 2022 and continuing until in or around July 2024, in the District of South Carolina and elsewhere, the Defendant **ROSE EMILY LORENZO**, aided and abetted by others known and unknown to the Grand Jury, knowingly devised and intended to devise a scheme and artifice to defraud and deprive the citizens and the government of North Charleston, South Carolina of their intangible right to the honest and faithful services of the North Charleston City Council through bribery and kickbacks.

11

39. On or about December 23, 2022, in the District of South Carolina and elsewhere, the Defendant, **ROSE EMILY LORENZO**, aided and abetted by others both known and unknown to the Grand Jury, having devised the above-described scheme and artifice to defraud and deprive by means of material false and fraudulent pretenses, representations, and promises, and by the omission of material information, and for the purpose of executing the above-described scheme and artifice to defraud and deprive, transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signs, signals, pictures, and sounds, that is: a $40,000 wire from Lorenzo Financial Services LLC's account ending in 2169 to a checking account belonging to Jerome Sydney Heyward ending in 4304;

All in violation of Title 18, United States Code, Sections 1343, 1346, and 2.

## COUNT 7
**Money Laundering, 18 U.S.C. Sections 1956(a)(1)(B)(i)**

43. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

44. On or about the dates listed below, in the District of South Carolina and elsewhere, the Defendants **ROSE EMILY LORENZO** and **MICHELLE STENT-HILTON**, aided and abetted by others known and unknown to the Grand Jury, knowing that the property involved in the financial transaction listed below represented the proceeds of some form of unlawful activity, which property in fact involved the proceeds of specified unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transaction set forth below knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: federal program theft and bribery in violation of Title 18, United States Code, Section 666 and honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, and the

transaction affecting interstate commerce, in that **MICHELLE STENT-HILTON** caused funds derived from the specified unlawful activity to be transferred from an account controlled by **MICHELLE STENT-HILTON** to an account controlled by **ROSE EMILY LORENZO**, for the purpose of thereafter being transferred from the account controlled by **ROSE EMILY LORENZO** to an account controlled by Jerome Sydney Heyward to conceal a kickback, as set forth below:

| Count | Approximate Dates | Description |
|---|---|---|
| 7 | December 22, 2022 | Cashier's check from DEEP SC account ending in 6667 to Lorenzo Financial Services LLC account ending in 2169 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 8
**Money Laundering, 18 U.S.C. Sections 1956(a)(1)(B)(i)**

45.     The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

46.     On or about the dates listed below, in the District of South Carolina and elsewhere, the Defendant **ROSE EMILY LORENZO**, aided and abetted by Donavan Laval Moten, Jerome Sydney Heyward, charged elsewhere, and others known and unknown to the Grand Jury, knowing that the property involved in the financial transaction listed below represented the proceeds of some form of unlawful activity, which property in fact involved the proceeds of specified unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transaction set forth below knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: federal program theft and bribery in violation of Title 18, United States Code,

Section 666 and honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, and the transaction affecting interstate commerce, in that Donavan Laval Moten caused funds derived from the specified unlawful activity to be transferred from an account controlled by Donavan Laval Moten to an account controlled by **ROSE EMILY LORENZO**, for the purpose of thereafter being transferred from the account controlled by **ROSE EMILY LORENZO** to an account controlled by Jerome Sydney Heyward to conceal a kickback, as set forth below:

| Count | Approximate Dates | Description |
|---|---|---|
| 8 | December 23, 2022 | Cashier's check from Core4Success account ending in 1687 to Lorenzo Financial Services LLC account ending in 2169 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 9
### Money Laundering, 18 U.S.C. Sections 1956(a)(1)(B)(i)

47. The Grand Jury re-alleges and incorporates by reference paragraphs 1 through 27 of this Indictment as if fully set forth herein:

48. On or about the dates listed below, in the District of South Carolina and elsewhere, the Defendant **ROSE EMILY LORENZO**, aided and abetted by Jerome Sydney Heyward and others known and unknown to the Grand Jury, knowing that the property involved in the financial transaction listed below represented the proceeds of some form of unlawful activity, which property in fact involved the proceeds of specified unlawful activity, knowingly and willfully conducted and caused to be conducted the financial transaction set forth below knowing that such transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, to wit: federal program theft

14

and bribery in violation of Title 18, United States Code, Section 666 and honest services wire fraud in violation of Title 18, United States Code, Sections 1343 and 1346, and the transaction affecting interstate commerce, in that **ROSE EMILY LORENZO** caused funds derived from the specified unlawful activity to be transferred from accounts controlled by **MICHELLE STENT-HILTON** and Donavan Laval Moten to an account controlled by **ROSE EMILY LORENZO**, for the purpose of thereafter being transferred from the account controlled by Jerome Sydney Heyward to conceal kickbacks, as set forth below:

| Count | Approximate Dates | Description |
| --- | --- | --- |
| 9 | December 27, 2022 | $40,000 wire transfer from Lorenzo Financial Services LLC account ending in 2169 to account controlled by Jerome Sydney Heyward ending in 4304 |

All in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## FORFEITURE

BRIBERY/FRAUD:

Upon conviction for violation of Title 18, United States Code, Sections 371, 666, and 1343 as charged in this Indictment, the Defendants, **ROSE EMILY LORENZO** and **MICHELLE STENT-HILTON**, shall forfeit to the United States any property, real or personal, constituting, derived from or traceable to proceeds the Defendants obtained, directly or indirectly, as a result of such offenses.

MONEY LAUNDERING:

Upon conviction for violation of Title 18, United States Code, Section 1956, as charged in this Indictment, the Defendants, **ROSE EMILY LORENZO** and **MICHELLE STENT-HILTON**, shall forfeit to the United States any property, real or personal, constituting, derived from, or traceable to proceeds the Defendants obtained directly or indirectly as a result of such offenses and any property, real or personal, involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1956, as charged in the Indictment.

PROPERTY:

Pursuant to 18 U.S.C. §§ 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and 28 U.S.C. § 2461(c), the property which is subject to forfeiture for the violations charged in this Indictment includes, but is not limited to, the following:

    A.    Cash Proceeds / Forfeiture Judgment:

        A sum of money equal to all proceeds the Defendants obtained, directly or indirectly, from the offenses charged in this Indictment, and all interest and proceeds traceable thereto, and/or such sum that equals all property derived from or traceable to their violations of 18 U.S.C. §§ 371, 666 and 1343.

16

  B.  <u>Money Laundering/Forfeiture Judgment</u>:

    A sum of money equal to all property involved in the money laundering offenses charged in the Indictment, and all interest and proceeds traceable thereto as a result of their violation of 18 U.S.C. § 1956.

<u>SUBSTITUTE ASSETS</u>:

 If any of the property described above as being subject to forfeiture to the United States, as a result of any act or omission of a Defendant,

   (1) Cannot be located upon the exercise of due diligence;

   (2) Has been transferred or sold to, or deposited with a third party;

   (3) Has been placed beyond the jurisdiction of the Court;

   (4) Has been substantially diminished in value; or

   (5) Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 18, United States Code, Section 982(b)(1), [incorporating Title 21, United States Code, Section 853(p)], to seek forfeiture of any other property of the said Defendant up to the value of the above forfeitable property.

 Pursuant to Title 18, United States Code, Sections 981(a)(1)(C), 982(a)(1), and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

A __True__ Bill

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

FOREPERSON

BROOK B. ANDREWS
ACTING UNITED STATES ATTORNEY

By: _____
Whit Sowards (Fed. ID #11844)
Emily Evans Limehouse (Fed. ID #12300)
Assistant United States Attorneys
151 Meeting Street, Suite 200
Charleston, SC 29401
Tel.:      (843) 727-4381
Fax:      (843) 727-4443
Email: John.Sowards@usdoj.gov