IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No.  2:25-cr-369 |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Rose Emily Lorenzo | ) | |
| | ) | |

In accord with the Due Process Protections Act[1] and Rule 5(f) of the Federal Rules of Criminal Procedure, this Court confirms the United States' obligation to disclose to the defendant all exculpatory evidence, that is, evidence that favors the defendant or casts doubt on the United States' case, as required by Brady v. Maryland, 373 U.S. 83 (1963)[2] and its progeny, and hereby ORDERS the United States to do so.  Failure to disclose exculpatory evidence in a timely manner may result in serious consequences, including, but not limited to, exclusion of evidence, adverse jury instructions, dismissal of charges, contempt proceedings, disciplinary action, or sanctions by the Court. The Clerk shall provide a copy of this Order to the prosecution and defense counsel.

**IT IS SO ORDERED**.

03/11/2025
Charleston, South Carolina

MOLLY H. CHERRY
UNITED STATES MAGISTRATE JUDGE

---

[1] Due Process Protections Act, Pub. L. No. 116-182, 134 Stat. 894 (2020).

[2] *See generally Long v. Hooks*, 972 F.3d 442, 456 (4th Cir. 2020) (en banc) ("*Brady v. Maryland* instructs that 'the suppression by the prosecution of evidence favorable to the accused' violates due process where the evidence is 'material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.'" (quoting *Brady*, 373 U.S. at 87)).