UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Case No.:   2:25-cr-00369-RMG-2 |
| | ) | |
| vs. | ) | MOTION FOR DISCOVERY |
| | ) | AND INSPECTION |
| MICHELLE STENT-HILTON | ) | |

The Defendant by and through her undersigned attorney, hereby moves for discovery and inspection pursuant to *Brady v. Maryland,* 373 U.S. 83 (1963) and its progeny, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, for the following information.

"Government" as used throughout this document, includes any federal, state, or local entity having any role or performing any service in connection with this case.

"Statement" as used throughout this document, includes any oral or written or recorded expression, comment, conversation, acknowledgment or admission, or physical expression, whether or not recorded.

1. All statements made by the Defendant within the possession, or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the government.  This includes oral, written and recorded statements, before or after arrest.   This includes notes, reports, or references of any kind which contains a reference to statements made by the Defendant.

2. The prior criminal record of the Defendant pursuant to Rule 16 (a)(1)((D).

3. An inventory of all tangible evidence in the possession and control of the government, together with a description of the time and date when it was obtained, as well as a description of the circumstances under which it was obtained.

4. Pursuant to Rule 16(a)(1)(E), all books, papers, documents, data, photographs or tangible objects, buildings or places, which are in the possession, custody or control of the government, and have any role or connection with this case, including any handwritten notes taken by any

        investigating agents. All exhibits which the government may or intends to offer at trial.

5. Pursuant to Rule 16(a)(1)(F), the results or reports of physical or mental examinations, or scientific tests or experiments, as well as the pertinent chain of custody for the items examined, which are:

    (a) within the possession, custody or control of the government;

    (b) the attorney for the government knows, or by the exercise of due diligence could know that the item exists.

6. Pursuant to Rule 16(a)(1)(G) a written summary of any expert witness or summary witness testimony that the government intends to use at trial. The summary must describe the witness's opinions, the basis and reasons for those opinions, and the witness's qualifications.

7. All evidence favorable to the Defendant, or which would be helpful in the preparation of a defense or in mitigation of punishment. This includes, but is not limited to, the following:

    (a) All information relevant to the credibility of any government witness;

    (b) All information concerning the conduct, character and reputation of any such witness which is relevant to his or her truthfulness or untruthfulness;

    (c) The criminal record of such witness;

    (d) The substance of any agreement, or proposed agreement, either oral or written, made to any witness, the subject of which deals either directly or indirectly with promises of favored treatment or leniency in return for either pleas of guilty, *nolo contendere* or favorable testimony in this case or any other criminal or civil case;

    (e) All evidence tending to show that any acts or conduct by the Defendant were done without criminal intent;

    (f) This request specifically includes any information which could show that at the time of any alleged act, the Defendant was neither present, mentioned or involved directly or indirectly;

    (g) All names and present addresses of persons who have any

        knowledge of the existence of any evidence which might be relevant to acts charged as a crime in the Indictment against the Defendant. This includes persons who will be witnesses for the government.

        This includes persons who were interviewed or investigated by the government in connection with this case but will **not** be called as witnesses by the government;

(h)    The transcript of testimony before the Grand Jury in this case, including testimony offered in support of the original or any superseding indictment in which this Defendant may not have been named.

8. All statements of witnesses governed by 18 U. S. C. § 3500, the Jencks Act, at least seventy-two (72) hours prior to trial.

9. Pursuant to the provisions of 18 U. S. C. § 2518(9), all records relating to intercepted wire or oral communications, and any evidence discovered therefrom.

10. All court orders and requests for court orders authorizing and requesting monitoring of all communications to or from the Defendant while in custody, and the substance of all monitored communications, with or without court order or notice.

11. The Defendant moves pursuant to Rule 12(b), Federal Rules of Criminal Procedure for notice of the government's intention to use any evidence at trial which may be subject to a motion to suppress.

This request is a continuing request for such information as it becomes known to the government and its agents.

Respectfully submitted,

*s/Brendan M. Daniels*
Brendan M. Daniels, Esquire
Assistant Federal Public Defender
145 King Street, Suite 325
Charleston, SC 29401
Attorney ID# 14286

April 7, 2025

- 3 -